FLETCHER DARNELL SMALL,

     Petitioner,          Civil No. 2:17-CV-12803
                             HONORABLE DENISE PAGE HOOD
v.                            CHIEF UNITED STATES DISTRICT JUDGE

SHIRLEE HARRY,

     Respondent,

_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Fletcher Darnell Small, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for first-degree felony murder, M.C.L.A. § 750.316, first-degree criminal sexual conduct, M.C.L.A.§ 750.520b(1)(d), unarmed robbery, M.C.L.A. § 750.530, and breaking and entering an occupied dwelling with intent to commit a felony, M.C.L.A. § 750.110. For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY DENIED.

1

## I. Background

Petitioner was convicted in 1980 in the Genesee County Circuit

Court. Petitioner's conviction was affirmed on appeal. *People v. Small*, 120

Mich. App. 442, 327 N.W.2d 504, 505 (1982).

On February 3, 2015, petitioner filed a motion to re-issue judgment,

pursuant to M.C.R. 6.428. The trial judge re-characterized the motion as a

post-conviction motion for relief from judgment brought pursuant to M.C.R.

6.500, *et. Seq.,* and denied relief. *People v. Small,* No. 80-29659-FC

(Genesee Cty. Cir.Ct., Apr. 13, 2015); *reconsideration den.* No. 80-29659-

FC (Genesee Cty. Cir.Ct., Jul. 27, 2015).

The Michigan Court of Appeals denied petitioner's application for

leave to appeal pursuant to M.C.R. 6.508(D), the rule which governs the

various reasons for denying a criminal defendant's 6.500 motion for relief

from judgment. The Michigan Court of Appeals further concluded that the

trial judge did not err in re-characterizing petitioner's 6.428 motion as a

motion for relief from judgment because M.C.R. 6.428 is inapplicable where

a defendant files a timely appeal of right, as petitioner did in this case.

*People v. Small,* No. 329301 (Mich.Ct.App. Nov. 12, 2015).

Petitioner filed an application for leave to appeal. The Michigan

Supreme Court denied petitioner's application with the following language:

> On order of the Court, the application for leave to appeal the November 12, 2015 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. For purposes of MCR 6.502(G)(1), the Court notes that, although the defendant's motion has been styled as a motion for relief from judgment by the courts below, the defendant actually requested reissuance of his judgment under MCR 6.428. The motion was properly denied due to the lack of merit in the grounds presented, though not under MCR 6.508(D).

*People v. Small*, 500 Mich. 853, 884 N.W.2d 280 (2016), *reconsideration den.*, 500 Mich. 901, 887 N.W.2d 203 (2016).

Petitioner seeks habeas relief on the following ground:

> [The] trial court's recharacterization of motion pleading and subsequent dismissal without providing petitioner notification was an abuse of discretion in violation of his rights to equal protection and due process of law pursuant to the U.S. Const., Am. 14, and Mich. Const., Art. 1, Sections 2 and 17.

## II. Standard of Review

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to

relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v.*

*Perini*, 424 F. 2d 134, 141 (6th Cir.1970)(district court has the duty to

"screen out" petitions that lack merit on their face). A federal district court

is authorized to summarily dismiss a habeas corpus petition if it plainly

appears from the face of the petition and any attached exhibits that the

petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*,

512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th

Cir.1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

No response to a habeas petition is necessary when the petition is

frivolous, obviously lacks merit, or where the necessary facts can be

determined from the petition itself without consideration of a response from

the State. *See Allen*, 424 F.2d at 141. After undertaking the review

required by Rule 4, the Court concludes that the petition must be

summarily denied.

### III. Discussion

Petitioner alleges that the trial judge violated his constitutional rights

by re-characterizing his motion to reissue judgment that he brought under

M.C.R. 6.428 as a post-conviction motion for relief from judgment brought

pursuant to M.C.R. 6.500, *et. seq.*

Petitioner's claim that the Michigan courts wrongfully denied him post-conviction relief is non-cognizable. This Court notes that "[t]he Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). A federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The reason for this is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F. 2d 245, 246 (6th Cir. 1986)(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining

to his detention.'" *Cress,* 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 247).

The "'scope of the writ'" does not encompass a "'second tier of complaints

about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d

at 853 (quoting *Kirby*, 794 F. 2d at 248).  "[T]he writ is not the proper

means to challenge collateral matters as opposed to the underlying state

conviction giving rise to the prisoner's incarceration." *Id.* (internal

quotations omitted).

Michigan law does not require a trial judge to give a defendant

advance notice that he or she will characterize a defendant's post-

conviction motion as a 6.500 motion nor is there a requirement that the

judge simply return a mislabeled post-conviction motion to the defendant or

permit him to withdraw the motion rather than adjudicate it.

Petitioner relies on *Castro v. United States,* 540 U.S. 375 (2003), in

which the United States Supreme Court held that a federal district court

may not re-characterize a *pro se* criminal defendant's motion as the

litigant's first motion to vacate sentence under 28 U.S.C. § 2255 unless the

court (1) informs the litigant of its intent to re-characterize the motion, (2)

warns the litigant that the re-characterization will subject subsequent §

2255 motions to the "second or successive" restrictions of § 2255 ¶ 8, and

(3) provides the litigant with an opportunity to withdraw or to amend the filing. *Id.* at 383.

The Supreme Court's holding in *Castro* is applicable only to federal courts' interpretation of federal prisoner's *pro se* motions and has no application to a state court's interpretation or construction of a state prisoner's post-conviction motions. *See Hall v. Rivard*, No. 2:10-CV-11252, 2016 WL 1258990, at * 16 (E.D. Mich. Mar. 31, 2016); *Flowers v. Booker*, No. No. 05-CV-74617-DT, 2006 WL 2421315, at * 2 (E.D. Mich. Aug. 22, 2006). *Castro* was decided as a matter of the Supreme Court's supervisory power over the lower federal courts and is not binding authority on the state courts. *See Ruelas v. Wolfenbarger*, 580 F.3d 403, 407 (6th Cir. 2009). The state court judge was not constitutionally required to give petitioner advance notice of his intent to re-characterize petitioner's first post-conviction motion as a motion for relief from judgment being filed pursuant to M.C.R. 6.500, *et. seq.,* nor was he required to allow petitioner to withdraw the motion prior to adjudicating it.

Finally, petitioner's claim may be moot in light of the fact that it appears that the Michigan Supreme Court agreed with him that his motion should not have been characterized as a 6.500 motion for relief from

judgment.  The Michigan Supreme Court expressly invoked M.C.R.

6.502(G)(1), which typically limits criminal defendants in Michigan to one

post-conviction motion, and then indicated that although the lower courts

characterized petitioner's motion as a motion for relief from judgment, for

the purposes of 6.502(G)(1), petitioner had filed his motion as a motion to

reissue judgment pursuant to M.C.R. 6.428.  The Michigan Supreme Court

indicated that petitioner's motion was properly denied for lack of merit on

the grounds presented and not under M.C.R. 6.508(D). *People v. Small,*

500 Mich. 383.  It appears from the Michigan Supreme Court's order that

petitioner is not precluded under M.C.R. 6.502(G)(1) from filing a post-

conviction motion for relief from judgment because of the their finding that

petitioner's motion had been brought under M.C.R. 6.428.

Article III, § 2 of the United States Constitution requires the existence

of a case or controversy through all stages of federal judicial proceedings.

"[M]ootness results when events occur during the pendency of a litigation

which render the court unable to grant the requested relief." *Carras v.*

*Williams,* 807 F. 2d 1286, 1289 (6th Cir. 1986).  To the extent that

petitioner asks this Court to find that the trial court erred in re-

characterizing petitioner's 6.428 motion as a 6.500 motion, his claim has

been mooted by the language in the Michigan Supreme Court order indicating that for purposes of M.C.R. 6.502(G)(1), petitioner's motion should not have been denied under the provisions of M.C.R. 6.500.

## IV.  Conclusion

The Court summarily denies the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [1] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is

**DENIED.**

IT IS FURTHER ORDERED that petitioner will be granted leave to

appeal *in forma pauperis.*


        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated:  October 30, 2017

I hereby certify that a copy of the foregoing document was served upon
counsel of record on October 30, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry

        Case Manager