**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FLETCHER DARNELL SMALL,

    Petitioner,         Civil No. 2:17-CV-12803
                             HONORABLE DENISE PAGE HOOD
v.                           CHIEF UNITED STATES DISTRICT JUDGE

SHIRLEE HARRY,

    Respondent,
_____/

## OPINION AND ORDER TRANSFERRING THE MOTION FOR RELIEF FROM JUDGMENT [DKT. # 7] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Before the Court is petitioner's *pro se* motion for relief from judgment brought pursuant to Fed. R. Civ. P 60(b)(6). Petitioner asks this Court to reopen his habeas petition, in which he challenged his 1980 conviction for first-degree felony murder, first-degree criminal sexual conduct, unarmed robbery, and breaking and entering an occupied dwelling with intent to commit a felony. For the following reasons, the Court orders the Clerk of the Court to transfer the motion for relief from judgment to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

1

## I. Background

Petitioner filed a petition for writ of habeas corpus. Petitioner claimed that the state trial judge violated his constitutional rights by re-characterizing a motion to reissue judgment that he brought under M.C.R. 6.428 as a post-conviction motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. Seq.* This Court summarily denied the petition, because petitioner's claim that Michigan courts wrongfully denied him post-conviction relief is non-cognizable on habeas review. *Small v. Harry*, No. 2:17-CV-12803, 2017 WL 4883635, at * 2 (E.D. Mich. Oct. 30, 2017).

Petitioner argued that he was entitled to habeas relief based on *Castro v. United States,* 540 U.S. 375 (2003), where the Supreme Court held that a federal district court may not re-characterize a *pro se* criminal defendant's motion as the litigant's first motion to vacate sentence under 28 U.S.C. § 2255 unless the court (1) informed the litigant of its intent to re-characterize the motion, (2) warned the litigant that the re-characterization will subject subsequent § 2255 motions to the "second or successive" restrictions of § 2255 ¶ 8, and (3) provided the litigant with an opportunity to withdraw or to amend the filing. *Id.* at 383.

This Court ruled that petitioner was not entitled to habeas relief on his

claim, because *Castro* is applicable only to federal courts' interpretation of federal prisoner's *pro se* motions and did not apply to a state court's interpretation or construction of a state prisoner's post-conviction motions. *Small v. Harry*, 2017 WL 4883635, at * 2. This Court noted that "*Castro* was decided as a matter of the Supreme Court's supervisory power over the lower federal courts and is not binding authority on the state courts." *Id.* (Citing *Ruelas v. Wolfenbarger*, 580 F.3d 403, 407 (6th Cir. 2009)). This Court further concluded that petitioner's claim might also be moot in light of the fact that the Michigan Supreme Court ultimately agreed with petitioner that his motion should not have been characterized as a 6.500 motion for relief from judgment. *Id.*

Petitioner has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). Petitioner argues that this Court erred in concluding that the Supreme Court's holding in *Castro* did not require the state trial court to give him adequate notice before re-characterizing his motion as a post-conviction motion for relief from judgment. Petitioner further argues that his claim is not moot. Petitioner asks this Court to reopen the petition and grant him habeas relief on his claim.

## II. Discussion

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court lacks the jurisdiction to adjudicate a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Petitioner seeks relief from judgment pursuant to Fed. R. Civ. P.

60(b)(6).  A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005).  Therefore, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Id.* at 534.

Petitioner's motion for relief from judgment amounts to a second or successive habeas petition, because the motion seeks to advance a claim that this Court previously considered and dismissed on substantive, constitutional grounds. *See Post v. Bradshaw,* 422 F. 3d 419, 424-25 (6th Cir. 2005).  Petitioner's Rule 60(b) motion is not merely an attempt to rectify a defect in the habeas corpus proceedings, but instead reasserts the

5

substance of petitioner's claim and therefore constitutes an impermissible attack on this Court's previous resolution of the claim on the merits. *See Henderson v. Collins,* 184 F. App'x. 518, 523 (6th Cir. 2006). In other words, petitioner's Rule 60(b) motion seeks the vindication of, or advances, his claim that the state court erred in re-characterizing his motion as a 6.500 motion because petitioner is taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. *Post,* 422 F. 3d at 424-25. Petitioner's 60(b) motion challenges this Court's prior resolution of a claim on the merits and thus constitutes a second or successive habeas petition, which must be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Tyler v. Anderson*, 749 F.3d 499, 508 (6th Cir. 2014).

Accordingly, the Clerk of Court is ordered to transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

### III. ORDER

The Court **ORDERS** that:

(1) The Motion for Relief from Judgment [Dkt. #7] is **DENIED** without prejudice.

(2) The Clerk of the Court **TRANSFERS** the motion for relief from judgment [Dkt. # 7] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: February 28, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager